(155 App. Div. 428.)

PEOPLE ex rel. ROBINSON et al. v. O'CONNELL, Clerk of Town of North Hempstead, et al.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

1. ELECTIONS (§ 123*)—NOMINATIONS—NOMINATION BY COUNTY COMMITTEE—"COMMITTEE."

Election Law (Laws 1911, c. 891) § 45, subd. 4, provides that all other nominations and elections by a political party except those previously mentioned shall be made at the primary election therein provided for, except that party nominations for town, ward, and village offices and for the office of school director shall be made as prescribed by rules to be adopted by the party committee of the county wherein such town, etc., is located, and of the city committee wherein such ward is located. Section 3, subd. 14, provides that the term "committee" means any committee chosen in accordance with the provisions of this chapter to represent the members of a party in any political subdivision of the state. *Held*, that nominations for town offices and the office of school director were properly made by the county committee of the National Progressive party according to rules adopted by it, that party never having held primaries since its formation, though such committee was not elected at a primary election; subdivision 14 applying only to parties which have participated in party primaries.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 114½; Dec. Dig. § 123.*

For other definitions, see Words and Phrases, vol. 2, p. 1309.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CONSTITUTIONAL LAW (§ 48*)—CONSTRUCTION OF STATUTE—UNCONSTITU-
TIONAL CONSTRUCTION.

> Courts should avoid giving a statute an unconstitutional construction if it is possible to effectuate the legislative intention by giving it a constitutional construction.

> [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48;* Statutes, Cent. Dig. § 56.]

Appeal from Special Term, Nassau County.

Mandamus proceedings by the People, on the relation of Theodore Douglas Robinson and others, against Thomas O'Connell, as clerk of the town of North Hempstead, impleaded with others. From an order directing the writ to issue, defendant named appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

George B. Stoddart, of Mineola, for appellant.

William M. Chadbourne, of New York City (Francis E. Norris, of New York City, on the brief), for respondents.

RICH, J. This appeal is from an order of the Special Term, directing that a writ of mandamus issue to the appellant O'Connell as the clerk of the town of North Hempstead, requiring him to receive and file the certificate of nomination of the candidates of the National Progressive party for town offices and the office of school director in said town, to be voted for at an election to be held on the first Tuesday after the first Monday in April next. The certificate of nomination was prepared in conformity to the rules of the Nassau county committee of said National Progressive party. The question presented upon this appeal relates to the method and procedure the members of that party shall adopt in nominating their candidates for town offices.

The party was organized in June, 1912, and participated in the November election of that year; its candidates for state offices receiving more than 350,000 votes. It is a party, and not an independent organization (subd. 8, § 3, Election Law [Laws 1911, c. 891]), and the provisions of the Election Law applicable to the nomination of candidates by an independent organization do not apply to the procedure for the nomination for town offices. The party has no enrolled members, and because of that fact no primaries have been held since its birth. It has no committees elected under the provisions of the Election Law. It has a state committee, however, and an organization in the various counties of the state, with committees duly constituted in its various branches, which are recognized by the state committee, and it has a town committee in the town of North Hempstead. The relators are the chairman of the state committee, the chairman of the county committee in the county of Nassau, and the chairman of the town committee in the town of North Hempstead.

[1] But two methods of nomination are provided by the Election Law, one is by independent bodies, the other by parties. The latter

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nominate under the provisions of section 45 of the Election Law; and subdivision 4 of that section is as follows:

"All other nominations and elections by a political party, both for party nominations and party positions, shall be made at the primary election herein provided for except that party nominations for town, ward and village offices and for the office of school director shall be made in the manner prescribed by rules to be adopted by the party committee of the county wherein such town, village or school district is located, and of the city committee wherein such ward is located."

The Nassau county committee have adopted rules providing the procedure for selecting its candidates for town offices and the office of school director, which provides in substance for unofficial primaries at which delegates are elected to conventions which nominate party candidates in the towns. These rules furnish authority for making the nominations, unless it is to be held that the word "committee," as used in said subdivision 4, must be a committee elected at a primary election. Such a construction would make it impossible for the National Progressive party to nominate candidates for town, ward, and village offices, a construction which the Legislature never intended.

[2] It would render the statute unconstitutional (Matter of Hopper v. Britt, 203 N. Y. 144, 96 N. E. 371, 37 L. R. A. [N. S.] 825), a construction which it is the duty of the court to avoid, if it is possible to so construe its provisions as to carry out the general purpose of the act and the intention of the Legislature. 36 Cyc. 1110; People v. Long Island R. R. Co., 194 N. Y. 130, 87 N. E. 79; Knights Templars' Ind. Co. v. Jarman, 187 U. S. 197, 23 Sup. Ct. 108, 47 L. Ed. 139; Harriman v. Interstate Commerce Com., 211 U. S. 407, 29 Sup. Ct. 115, 53 L. Ed. 253; United States v. Jackson, 143 Fed. 783, 75 C. C. A. 41; U. S. v. Delaware & Hudson Co., 213 U. S. 366, 29 Sup. Ct. 527, 53 L. Ed. 836.

I believe that subdivision 14 of section 3 of the Election Law applies only to parties which have participated in the party primaries, or have had an opportunity to do so, that it has no application to the facts presented by the record before us, and that the National Progressive party may lawfully nominate and choose its candidates for town offices and school director in the town of North Hempstead in the manner prescribed by its rules for Nassau county, and that it is the duty of the town clerk to receive and file the certificate of such nomination. It is likewise his duty to print an official ballot and in the party ticket of the National Progressive party the names of the candidates so nominated.

The order must be affirmed, with $10 costs and disbursements. All concur.